THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* ALBERT HAMBRECHT, *v.* TIMOTHY J. CAMPBELL, JUSTICE, &c., RESPONDENT.

*Summary proceedings—jurisdiction of a justice of a District Court in New York, over premises not in his district—Chapter 187 of 1877—Chapter 101 of 1879.*

A justice of one of the District Courts of the city of New York cannot entertain summary proceedings to remove a tenant, under the provisions of the Revised Statutes, when the premises which are the subject of the controversy are not situated within the district in and for which he was elected.

Section 1 of chapter 187 of 1877, prohibiting such justice from exercising such jurisdiction unless the premises are situated within his judicial district, was not repealed or abrogated by chapter 101 of 1879. The latter act only enlarged the jurisdiction of justices of the peace in such proceedings.

CERTIORARI to review summary proceedings had before the re-

spondent, by which the relator was removed from the possession of certain premises in the city of New York.

The respondent is justice of the District Court in the city of New York for the fifth district. On an affidavit presented to him, he issued his summons in the usual form in summary proceedings, requiring Hambrecht, as tenant—the relator herein—to remove from the premises No. 349 Bowery, in the seventeenth ward of the city of New York, or show cause why the possession of the premises should not be delivered to the landlord. On the return day the defendant appeared by counsel and objected, that the justice had no jurisdiction, as the premises were not situated within the fifth judicial district.

Section 1 of chapter 187 of the Law of 1877, reads as follows:

"No justice of the District Courts in the city of New York shall hereafter have jurisdiction under the statutes relative to summary proceedings to recover the possession of land for non-payment of rent and for holding over after expiration of term, unless the premises, the possession of which is sought to be recovered, are located in the judicial district in and for which said justice was elected." The act contains the usual repealing clause, repealing all acts and parts of acts inconsistent with its provisions.

During the session of the Legislature of 1879 a bill, chapter 101 of 1879, was passed to amend section 28 of article 2 of title 10 of chapter 8 of part 3 of the Revised Statutes, relating to summary proceedings to recover possession of land. The following is the section of the Revised Statutes as passed, the amendment being italicized:

"Section 28. Any tenant or lessee at will, or at sufferance, or for *any* part of a year, or for one or more years, of any houses, land or tenements, and the assigns, under-tenants or legal representatives of such tenant or lessee, may be removed from such premises by any judge of the County Courts of the county, *or by any justice of the peace of the town adjoining the town where such premises are situated, having an office in a village, the corporate limits of which include a portion of both of said towns,* or by any mayor or recorder of the city where such premises are situated, or in the city of New York by the mayor, recorder, any justice of the Marine

Court, or any one of the justices of the District Courts of the city of New York, in the manner hereinafter prescribed in the following cases."

This bill has no repealing clause.

*Edward F. Hassey,* for the relator.

*S. Lobenthal* and *B. D. Penfield,* for the respondent.

PER CURIAM:

The question presented in this case is whether the justice of one of the District Courts of this city can entertain summary proceedings to remove a tenant, under the provisions of the Revised Statutes, where the premises which are the subject of the controversy are not situated within the district in which he was elected. It is supposed by the respondent that the act of 1879 (chapter 101 of the Laws of that year), enlarges the jurisdiction of the justices named, and authorizes them to entertain such an application, if the premises be situated in any part of the city of New York. We think this view is erroneous. The amendment of section 28 of the Revised Statutes, accomplished by the act of 1879 (*supra*), was designed to and did enlarge the jurisdiction in such proceedings of the justices of the peace, and the amendment seems exclusively to relate to that subject. There are no words in the act repealing laws inconsistent therewith, and the legislature has not, therefore, by anything in the amendment contained, authorized the conclusion that it was designed to repeal the act of 1877, restricting the jurisdiction of justices of the District Courts to cases in which the premises were situated within their respective districts.

It becomes our duty, therefore, to declare that of the proceedings which this writ has brought up for review, the justice had no jurisdiction.

The writ should be sustained, and the proceedings reversed.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Writ sustained, and proceedings reversed.